Gabriel Field and Rose E. Field v. Commissioner.
Field v. Commissioner
Docket No. 51782.
United States Tax Court
T.C. Memo 1956-122; 1956 Tax Ct. Memo LEXIS 173; 15 T.C.M. (CCH) 631; T.C.M. (RIA) 56122; May 21, 1956
*173 Emanuel Thebner, Esq., for the petitioners. Emil Sebetic, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' Federal income taxes for the years 1944 and 1945 in the respective amounts of $997.64 and $1,123.40. All of the issues arising from this determination and raised by the pleadings have been settled with one exception. The issue remaining for our determination is stated in the petition as follows: "The additional business expense of $804.82 for the purchase of materials on December 31st, 1945, should be allowed as papers proving same, which had been previously lost, have been recently found." The prayer of the petition asks that "this Court * * * permit the allowance of the additional expense of $804.82 for which evidence was recently found * * *." Findings of Fact The stipulation of facts, executed and filed by the parties, is incorporated herein by this reference. Petitioners are husband and wife maintaining their office in New York City. Their books are kept and their income tax returns are prepared on the cash basis. Their returns for the taxable years were filed with the *174 then collector of internal revenue for the third district of New York. Petitioner Gabriel Field, hereinafter referred to as petitioner, is a Doctor of Dental Surgery, and was engaged in the practice of that profession during the taxable years and for many years prior thereto. Paragraph 4 of the stipulation which is pertinent to the issue before us, reads as follows: "Petitioners have made claim in their petition to this Court for an additional deduction to be allowed to them for the taxable year 1945, in the amount of $804.82, which was not claimed on petitioner's tax return for 1945 and which petitioners allege represents payment for the purchase of dental materials and supplies on December 31, 1945, to be used by petitioner Gabriel Field in the practice of his profession. The merchandise was delivered to petitioner Gabriel Field on December 31, 1945. The petitioners issued their check, number 45430, drawn on the Manufacturers Trust Company, in the amount of $804.82, dated December 31, 1945, payable to Knickerbocker Brands, Inc. as payment for such merchandise." The bill of Knickerbocker Brands, Inc., covering the merchandise sold to petitioner was dated December 21, 1945. It *175 was marked "paid" on December 31, 1945, by B. Wallach, a representative of the vendor. On that same date petitioner delivered the check to Wallach. The check was presented to and paid by petitioner's bank on February 15, 1946. On December 31, 1945, the balance in petitioner's bank account was $8,469.99. On October 31, 1945, it was $10,696.26; on November 30, it was $10,054.13; on January 31, 1946, it was $6,191.69; and on February 28, 1946, it was $4,798.02. At all times between December 31, 1945, and February 15, 1946, inclusive, petitioner's bank account contained more than ample funds with which to pay the check drawn by him on December 31, 1945, to Knickerbocker Brands, Inc. Petitioner had no occasion to make, and did not make, any request of Knickerbocker Brands, Inc., to hold up the clearance of this check. There was no understanding between him and any representative of Knickerbocker Brands, Inc. that there should be any delay on the part of the latter in negotiating or depositing the check. When the check was delivered to Wallach on December 31, 1945, petitioner said nothing to Wallach concerning the time when the check should be deposited or negotiated. It is traditional *176 in the dental profession that dentists' receipts fall off alarmingly in the months of December and January of each year and persons collecting money from dentists during those months are aware of this fact and are customarily lenient in their collections from dentists. Petitioner's account with Knickerbocker Brands, Inc. was a new account of the company in 1945. Opinion KERN, Judge: The general rule is that where there is an unqualified delivery of a check by a debtor to a creditor the check constitutes payment of the account at the time of delivery regardless of when the check is deposited or cashed by the payee. See and cases cited. Respondent does not question this rule but contends that the existence of a tradition of leniency toward dentists on the part of those collecting accounts from them during December and January infers an agreement in this case between petitioner and the payee of his check that the check would not be immediately deposited or negotiated. Under the facts of record in the instant case we are of the opinion that his contention is without merit. Decision will be entered under Rule 50.